# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. 1:11-cr-27-17

**JONATHAN M. PEET,**
    **Defendant.**

## ORDER/OPINION

On the 14th day of November, 2014, came Defendant, Jonathan M. Peet, in person and by counsel, L. Richard Walker, and also came the United States by its Assistant United States Attorney, Stephen Warner, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on November 5, 2014, alleging Defendant violated conditions of his supervised release as follows:

1. Violation of Mandatory Condition No. 1: While on supervised release, the defendant shall not commit another federal, state or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

2. Violation of Standard Condition No. 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

Prior to the taking of any testimony and evidence, Defendant waived his preliminary hearing, conceding that probable cause existed to forward this revocation matter to United States District Judge Irene M. Keeley for hearing and disposition. Upon consideration of which, the Court finds there is probable cause to believe that Defendant violated conditions of his supervised release as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed November 5, 2014. It is therefore **ORDERED** that Defendant be bound over for a full hearing before the Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, on the violations alleged in the Petition for Warrant or Summons for Offender Under Supervision dated November 5,

2014.

Defendant requested release on home detention pending further proceedings in this matter. Defendant, through counsel, proffered that he could return to his parents residence in Clarksburg, West Virginia, and that Defendant was working at Subway in Nutter Fort, West Virginia. The Court believes that there are additional conditions that can be imposed to ensure that Defendant does not pose a flight risk or a danger to the community should he be released. Accordingly, Defendant is **RELEASED** pursuant to his previously set conditions of supervised release, as well as the following conditions:

1. Defendant shall reside with his parents at their residence in Clarksburg, West Virginia;

2. Defendant shall be subject to home detention and shall not leave his parents' residence except for purposes of work, meetings with his Probation Officer, meetings with his attorney, and counseling appointments;

3. Defendant shall, twice per week, make contact with the ROOTS outreach program, until Defendant is admitted to such program; and

4. Once per week, prior to the Friday of each week, Defendant shall make telephone contact with Probation Officer Mark McKee to advise him of his contacts with the ROOTS program as well as the status of Defendant's employment.

The Court notes the Government's objection to Defendant's release.

It is so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to counsel of record.

DATED: November 17, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE